IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNNY B. MORACE,

    Plaintiff,

v.   Case No.: 4:17-cv-499

DATALOG GEOLOGICAL SERVICES, LLC,
ERNEST FUHRMANN, and
JAMES P. DOSSEY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNNY B. MORACE, by and through his undersigned counsel, hereby sues the Defendants, DATALOG GEOLOGICAL SERVICES, LLC, ERNEST FUHRMANN, and JAMES P. DOSSEY, and in support thereof alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    Jurisdiction is conferred on this Court by Title 28 U S.C. §1337 and by

Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, DATALOG GEOLOGICAL SERVICES, LLC, has offices located in Houston, Texas.

## THE PARTIES

4. Plaintiff is an individual who resides in Houston, Texas, and worked for Defendants from January 1, 2017, through January 17, 2017, as an Operations Manager. The agreed upon rate at which Plaintiff was to be compensated was $5,000.00 per month. However, Defendants never paid Plaintiff for any of his work.

5. Defendants, ERNEST FUHRMANN, is a resident of Magnolia, Texas.

6. Defendant, JAMES P. DOSSEY, is a resident of The Woodlands, Texas.

## COMMON ALLEGATIONS

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this complaint, DATALOG GEOLOGICAL SERVICES, LLC, was an enterprise engaged in interstate commerce.

8. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Plaintiff regularly made telephone calls outside of the state of Texas as part of his regular and recurring job duties.

10. Defendant, DATALOG GEOLOGICAL SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11. At all times material to this complaint, Defendant, DATALOG GEOLOGICAL SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, DATALOG GEOLOGICAL SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material hereto, Defendants, ERNEST FUHRMANN, and JAMES P. DOSSEY, actively ran the business of Defendant, DATALOG GEOLOGICAL SERVICES, LLC, on a day-to-day basis and acted directly or

indirectly in the interest of Defendant, DATALOG GEOLOGICAL SERVICES, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

14. *Inter alia*, Defendants, ERNEST FUHRMANN, and JAMES P. DOSSEY, had the ability to hire and fire plaintiff; and, controlled plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. §203(d).

15. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

16. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

17. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

18. Plaintiff has retained the law firm of Ross Law, P.C., to represent his in this action. Plaintiff has entered into a valid contract with Ross Law, P.C., and has

appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## **COUNT I UNPAID OVERTIME**

19. Plaintiff re-alleges and incorporates herein paragraphs 1-18, supra.

20. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

21. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek. Instead, Plaintiff was paid his hourly rate for all hours worked without any additional half-time premium. Plaintiff worked at least 60 hours per week from January 1, 2017, through January 17, 2017.

22.	As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

23.	The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a.	Unpaid overtime wages found to be due and owing;

b.	An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.	Prejudgment interest in the event liquidated damages are not awarded;

d.	Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.	For any such other relief as the Court may find proper, whether at law or in equity.

## **COUNT II UNPAID MINIMUM WAGES**

24.	Plaintiff re-alleges and incorporates herein paragraphs 1-18, supra.

25.	During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked 10-12 hours per day, six (6) days per week for a total of at least 60

hours per workweek.

26. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage of $7.25 per hour.

27. Plaintiff worked at least 60 hours per week from January 1, 2017, through January 17, 2017.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

29. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wages compensation for all hours worked per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

    a. Unpaid minimum wages found to be due and owing;

    b. An additional amount equal to the amount of minimum wages found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**